OPINION
{¶ 1} Appellant John Burkhart appeals from the trial court's refusal to permit him to withdraw guilty pleas he made to five offenses which resulted in him receiving a sentence of six and one-half years in prison. *Page 2 
 {¶ 2} On May 12, 2005, a Champaign County grand jury indicted Burkhart on five counts of menacing by stalking, two counts of telephone harassment, one count of violation of a civil stalking protection order, five counts of improperly handling firearms in a motor vehicle, and five counts of improperly discharging a firearm at or into a place of habitation.
 {¶ 3} On January 23, 2006, Burkhart pleaded guilty to two counts of menacing by stalking, one count of telephone harassment, one count of violation of a civil stalking protection order, and one count of carrying a concealed weapon. The remaining charges, including those alleging the improper handling of a firearm in a motor vehicle and improperly discharging a firearm at or into a place of habitation, were dismissed as part of a plea agreement.
 {¶ 4} The trial court imposed a series of consecutive and concurrent sentences for the menacing, telephone harassment, concealed weapon, and violation of civil stalking protection order offenses that resulted in an actual sentence of six and one-half years. This Court affirmed Burkhart's sentence on direct appeal. See State v. Burkhart, Champaign App. No. 06CA18, 2007-Ohio-3436.
 {¶ 5} While his direct appeal was pending, Burkhart filed a post-sentence motion to withdraw his guilty pleas. In his motion, Burkhart claimed that the State withheld exculpatory material from him. As support, Burkhart referenced an article from the Urbana DailyCitizen wherein Nick A. Selvaggio, Champaign County Prosecuting Attorney, stated that the Champaign County Sheriff's Office's discovery of evidence favorable to Burkhart's case necessitated a re-evaluation of whether the State could carry its burden of proof regarding the discharging of a firearm at a residence or from a motor vehicle. In the article, the prosecutor stated that Burkhart was discharging his *Page 3 
firearm near a residence on Metz Road and police found gunshot residue on Burkhart's hand but not in his car. The prosecutor stated Deputy Chrisman was in his patrol car nearby the residence when he heard a gunshot and then saw Burkhart's car fifteen seconds later. Burkhart further claimed in his motion that his attorney never received this evidence and that he was unduly pressured into pleading guilty. Burkhart maintained that his pleas were not knowingly and voluntarily made.
 {¶ 6} In response to Burkhart's motion, Selvaggio provided the trial court with copies of the supplemental discovery that he had provided Burkhart's trial lawyer on September 20, 2005 and January 17, 2006. In the latter discovery packet, Selvaggio revealed to Burkhart's counsel that no gun residue was found on Burkhart's clothing or on the driver's door panel of Burkhart's vehicle.
 {¶ 7} The trial court denied Burkhart's motion without a hearing. Burkhart appeals that decision. In his brief, Burkhart raises two assignments of error.
 {¶ 8} In two related assignments of error, Burkhart contends the trial court erred in denying his motion to vacate his guilty pleas. In his motion to withdraw his pleas made six months after he was sentenced, Burkhart argued that he was coerced into pleading guilty because he was confronted with numerous charges which the State had no evidentiary basis to bring in the first place. Burkhart contends he was never informed of the weaknesses of the State's case against him until after he entered his pleas. Burkhart asserts the trial court erred in not granting him an evidentiary hearing so that he could present evidence that the prosecutor concealed exculpatory evidence from him which resulted in him entering unintelligent and involuntary pleas. He contends that if the State provided the exculpatory evidence to his trial counsel, he did not see it nor was *Page 4 
he informed of it prior to entering his pleas. He argues the trial court should have granted him a hearing whereby the court could have inquired of his counsel whether he had advised him of the exculpatory material provided by the prosecutor.
 {¶ 9} A motion to withdraw a guilty plea is governed by Crim. R. 32.1, which states:
 {¶ 10} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 11} A defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. "A manifest injustice comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." State v. Hartzell (Aug. 20, 1999), Montgomery App. No. 17499.
 {¶ 12} A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the guilty plea. E.g., State v. Blatnik (1984), 17 Ohio App.3d 201, 204. Where nothing in the record supports a defendant's claim that his plea was not knowingly and voluntarily made other than his own self-serving affidavit or statement, the record is insufficient to overcome the presumption that the plea was voluntary. State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479.
 {¶ 13} The State argues that the record discloses that Burkhart informed the trial *Page 5 
court on the day of his plea that he understood the nature of the charges to which he was entering guilty pleas and the defenses thereto. The State also notes that Burkhart expressed satisfaction with his lawyer's advice and competence. The State asserts that Burkhart has not called into question in this motion the strength of the State's evidence as to the charges to which he pleaded guilty. The State notes that the supplemental discovery material provided to Burkhart's counsel contained no exculpatory material regarding the stalking, telephone harassment, or carrying a concealed weapon charges. Lastly, the State argues that Burkhart has failed to allege any facts which suggest a manifest injustice would occur if he were to remain bound by his guilty pleas.
 {¶ 14} With agree with the State that the trial court did not err in refusing to provide Burkhart with a hearing on his motion. The State dismissed those charges to which there was no forensic evidence to support. There was no evidence that the prosecutor failed to provide exculpatory material related to the crimes to which Burkhart entered his pleas. Burkhart presented no evidentiary material to support his contention that his trial counsel was ineffective. Burkhart's assignments of error are Overruled.
 {¶ 15} The judgment of the trial court is Affirmed.
 WOLFF, P.J., and GRADY, J., concur. *Page 1