[Cite as *State v. Kinsinger*, 2011-Ohio-2826.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :            C.A. CASE NO.   23966

v.                                                       :            T.C. NO.    06CR55

CHARLES S. KINSINGER                     :            (Criminal appeal from
                                                       Common Pleas Court)
    Defendant-Appellant                      :

                                               :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___10th___ day of ___June___, 2011.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

THOMAS W. KIDD, JR., Atty. Reg. No. 0066359, P. O. Box 231, Harveysburg, Ohio 45032
        Attorney for Defendant-Appellant

. . . . . . . . . .

KLINE, J. (by assignment)

    **{¶ 1}**  Charles S. Kinsinger (hereinafter "Kinsinger") appeals the judgment of the Montgomery County Court of Common Pleas, which denied Kinsinger's motion to withdraw his no contest pleas.  On appeal, Kinsinger contends that the trial court abused its discretion by denying his motion without first conducting an evidentiary

hearing. Because Kinsinger has not established that the withdrawals of his pleas are necessary to correct a manifest injustice, we disagree. Accordingly, we overrule Kinsinger's assignment of error and affirm the judgment of the trial court.

I

{¶ 2} In 2006, Kinsinger faced an eleven-count indictment for various sexual offenses. L.B. (hereinafter "Lisa") was Kinsinger's girlfriend at the time, and the charges in the indictment related to Kinsinger's sexual conduct with L.B.'s two male children.

{¶ 3} After reaching a plea agreement, the state dismissed two counts of rape, one count of gross sexual imposition, one count of gross sexual imposition (person under 13), and two counts of importuning. Kinsinger then pled no contest to one count of rape (person under 13), three counts of unlawful sexual contact with a minor, and one count of importuning. As a result of the plea agreement, Kinsinger received a total of six years in prison.

{¶ 4} On March 10, 2009, Kinsinger filed his MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO CRIM.R. 32.1. (We will refer to Kinsinger's motion by its given title even though Kinsinger actually pled no contest to the various crimes.) Kinsinger based his motion to withdraw on two different claims. First, Kinsinger claimed that his trial counsel was ineffective for advising Kinsinger to plead no contest. And second, Kinsinger claimed due process violations based on the police not obtaining parental consent before interviewing the minor victims.

{¶ 5} In support of his motion, Kinsinger submitted the affidavit of his brother, Richard Kinsinger, Jr., (hereinafter "Richard"). Richard's affidavit states

the following: "I have spoken with [one of the victims]. From this conversation it is my understanding that [this victim] was tricked by the police officer into stating that he was involved in a sexual relationship with my brother, Charles. It is further my understanding that [this victim] was interviewed by the police at his school without his mother's knowledge or her being present. * * * I have also spoken with [L.B.][.] * * * From these conversations it is my understanding that during [L.B.'s] relationship with Charles, her children were never left alone or out of her sight around my brother." Kinsinger also submitted two personal letters from L.B. as well as her unsigned affidavit. According to Kinsinger, L.B. had agreed to sign the affidavit but was unable to do so.

{¶ 6} The trial court denied Kinsinger's motion without conducting an evidentiary hearing. In making its decision, the trial court relied on the Incident Report of the Montgomery County Sheriff's Office. The Incident Report contained Kinsinger's admission that he had oral sex with the victims on several occasions. As the trial court found, Kinsinger "was facing the potential of life in prison but that charge was dismissed as a result of plea negotiations. The Defendant had admitted the offenses to police detectives. Under the circumstances, the Defendant has not demonstrated a 'manifest injustice.' Accordingly, the Defendant's Motion to Withdraw his Pleas is OVERRULED[.]"

{¶ 7} Kinsinger appeals and asserts the following assignment of error: "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WITHOUT A HEARING SINCE HE WOULD NOT HAVE ENTERED THIS PLEA BUT FOR THE INEFFECTIVENESS OF COUNSEL AND THE

MISCONDUCT OF THE GOVERNMENT."

II

{¶ 8}    In his sole assignment of error, Kinsinger contends that the trial court abused its discretion by denying the motion to withdraw his guilty plea without a hearing.

{¶ 9}    "We review a trial court's ruling on a post-sentence motion to withdraw a plea and its decision whether to grant a hearing for an abuse of discretion." *State v. Tunstall*, Montgomery App. No. 23730, 2010-Ohio-4926, at ¶9 (citation omitted).    An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157.

{¶ 10}    "[T]o prevail on a post-sentence motion to withdraw a plea, a movant must show a manifest injustice that needs to be corrected."    *State v. Stewart*, Greene App. No. 2003-CA-28, 2004-Ohio-3574, at ¶6, citing Crim.R. 32.1; *State v. Stumpf* (1987), 32 Ohio St.3d 95, 104.    "A manifest injustice has been defined as 'a clear or openly unjust act' that involves 'extraordinary circumstances.'"    *State v. Minker*, Champaign App. No. 2009 CA 16, 2009-Ohio-5625, at ¶25, quoting *Stewart* at ¶6.    "A hearing on a post-sentence motion to withdraw a * * * plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion[.]"    *State v. Burkhart*, Champaign App. No. 07-CA-26, 2008-Ohio-4387, at ¶12, citing *State v. Blatnik* (1984), 17 Ohio App.3d 201, 204.    "To obtain a hearing, 'a movant must establish a reasonable likelihood that the withdrawal is necessary to correct a manifest injustice[.]'"    *Tunstall* at ¶9,

quoting *State v. Whitmore*, Clark App. No. 06-CA-50, 2008-Ohio-2226, at ¶11.

{¶ 11} Kinsinger bases his appeal on two distinct claims. First, Kinsinger claims that he pled no contest based on the ineffective assistance of counsel. Under this argument, Kinsinger contends that his trial counsel overestimated the amount of evidence against Kinsinger. And second, Kinsinger claims that he pled no contest because of governmental misconduct. Under this argument, Kinsinger claims that state officials interviewed the victims without parental consent. For these reasons, Kinsinger contends that he should be allowed to withdraw his no contest pleas.

A. Ineffective Assistance of Counsel

{¶ 12} In his ineffective-assistance-of-counsel argument, Kinsinger claims that "his attorney's performance was deficient in that counsel overestimated the weight of the evidence against Mr. Kinsinger." Brief of Appellant at 4.

{¶ 13} "Ineffective assistance of counsel is a basis for post-sentence withdrawal of a guilty plea." *State v. Sylvester*, Montgomery App. No. 22289, 2008-Ohio-2901, at ¶13. To demonstrate ineffective assistance of counsel in a motion to withdraw a plea, Kinsinger "must show that 1) [his] counsel's performance was deficient; and 2) there is a reasonable probability that but for counsel's error, [he] would not have pled [no contest]." Id., quoting *State v. Xie* (1992), 62 Ohio St.3d 521, 524, in turn citing *Strickland v. Washington* (1984), 466 U.S. 668.

{¶ 14} We find that the trial court correctly rejected Kinsinger's ineffective-assistance-of-counsel argument. Here, the evidence against Kinsinger is overwhelming. As the trial court found, "The record in this case * * * contains the

Incident Report which was presented to the Court at the time of the Defendant's no contest pleas. In that Report, the detective indicates that the Defendant admitted that he had oral sex with both of the victims, one of whom was under thirteen (13), on several occasions. This 'confession' was recorded on videotape and the Defendant provided a written statement." February 24, 2010 Judgment Entry at 3. In light of these facts, we cannot find that Kinsinger's trial counsel "overestimated" the amount of evidence against him. Moreover, as the trial court noted, Kinsinger "was facing mandatory life imprisonment for one of the charges that the State of Ohio dismissed in exchange for the pleas." Id. Because of this, we cannot find that Kinsinger's trial counsel was deficient for negotiating a plea agreement that resulted in a six-year prison sentence.

{¶ 15} Accordingly, as it relates to Kinsinger's ineffective-assistance-of-counsel argument, we find that the trial court did not abuse its discretion.

"B. Governmental Misconduct

{¶ 16} In his governmental-misconduct argument, Kinsinger claims that government officials interviewed the victims without obtaining parental consent. Kinsinger argues that "such an allegation should call into question the veracity of the statements set forth by the alleged victims." Brief of Appellant at 5.

{¶ 17} Here, we find that the trial court did not abuse its discretion by rejecting Kinsinger's governmental-misconduct argument. Initially, because Kinsinger confessed to the crimes, we once again note that the evidence against him is overwhelming. This overwhelming evidence weighs heavily against finding a

manifest injustice in the present case. Second, as the trial court noted, the "Incident Report * * * indicates that the children's statements implicating the Defendant were given during interviews conducted by the Clark County Advocacy Center with the permission of their mother, Defendant's then girlfriend, [L.B.]." February 24, 2010 Judgment Entry at 4. Clearly, the trial court found this evidence to be more credible than the hearsay-filled affidavit of Kissinger's brother. This is significant because "[a] trial court may, in the exercise of its discretion, judge the credibility of affidavits in determining whether to accept the affidavits as true statements of fact." *State v. Knowles*, Cuyahoga App. No. 95239, 2011-Ohio-1685, at ¶22, citing *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, at ¶14 (other citation omitted).

{¶ 18} Finally, "'[a] hearing on a post-sentence motion to withdraw a * * * plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion[.]'" *Tunstall* at ¶9, quoting *State v. Burkhart*, Champaign App. No. 07-CA-26, 2008-Ohio-4387, at ¶12. And here, we agree with the trial court's finding that "[t]he interview of a minor as a victim does not have any constitutional implications" for Kinsinger. February 24, 2010 Judgment Entry at 4. As the trial court noted, "Even when a minor is charged with a crime, there is no right to have a parent at such an interview. '[T]hough the greatest care must be taken to assure a juvenile's admissions are voluntary, parental presence is not constitutionally mandated.'" Id., quoting *State v. Bobo* (1989), 65 Ohio App.3d 685, 690, in turn citing *In re Gault* (1967), 387 U.S. 1. On appeal, Kinsinger has cited no authority in support of his parental-consent

argument. Thus, even if the police failed to obtain parental consent before interviewing the victims, Kinsinger cannot establish grounds for relief.

{¶ 19} Accordingly, as it relates to Kinsinger's governmental-misconduct argument, we find that the trial court did not abuse its discretion.

III

{¶ 20} For the foregoing reasons, we find that Kinsinger has not established a reasonable likelihood that the withdrawals of his pleas are necessary to correct a manifest injustice. As a result, we find that the trial court did not abuse its discretion by denying Kinsinger's motion without a hearing. And accordingly, we overrule Kinsinger's sole assignment of error and affirm the judgment of the trial court.**.**

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

(Hon. Roger L. Kline, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Andrew T. French
Thomas W. Kidd, Jr.
Hon. Barbara P. Gorman, Administrative Judge
(Hon. Michael T. Hall, trial judge)