[Cite as *State v. Hancock*, 2012-Ohio-5535.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24981 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-3245 |
| v. | : | |
| | : | |
| JOVAN J. HANCOCK | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of November, 2012.

. . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, Post Office Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ANTHONY S. VANNOY, Atty. Reg. #0067052, 130 West Second Street, Suite 1600, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Jovan J. Hancock appeals from his conviction and sentence following a

no-contest plea to charges of marijuana possession and heroin possession.

{¶ 2} In his sole assignment of error, Hancock contends the trial court erred in overruling a suppression motion on the basis that he lacked standing to challenge a search of his mother's residence.

{¶ 3} The record reflects that the charges against Hancock stemmed from a search of the residence. At the time of the search, Hancock's mother was in prison. He moved to suppress the evidence on the basis that the search violated his Fourth Amendment rights. The State argued that Hancock lacked "standing" to challenge the search. The trial court held an April 22, 2011 evidentiary hearing limited to the standing issue.

{¶ 4} During the hearing, Hancock testified that he helped look after his mother's home while she was in prison. Although he did not have a key, Hancock claimed that he had ready access to the home because his sister had a key and would let him in if he asked. He also testified that his mother gave him permission to exclude others from her home. Hancock further stated that he received mail at the home, stored some belongings there, and had permission to spend the night there. For its part, the State presented evidence that Hancock did not have permission to enter the home. The State also presented evidence that the interior of the home was almost empty and without electricity or running water.

{¶ 5} Following the hearing, the trial court filed a June 7, 2011 entry and order overruling Hancock's suppression motion. The trial court found, "for the reasons stated on the record, that the defendant does not have standing * * *." (Doc. #19). On appeal, Hancock challenges this determination. He insists that he did have standing to assert a Fourth Amendment violation. Resolution of the issue turns on whether Hancock had a subjective expectation of privacy in the home and whether that expectation was objectively reasonable.

*See*, *e.g.*, *State v. Shaw*, 2d Dist. Miami No. 10-CA-23, 2011-Ohio-3331, ¶24.

{¶ 6} "When considering a motion to suppress, the trial court assumes the role of the trier of facts and is therefore in the best position to resolve factual questions and evaluate the credibility of the witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." (Citation omitted.) *State v. Winston*, 2d Dist. Montgomery No. 24973, 2012-Ohio-4743, ¶11. "Accepting those facts as true, the appellate court must then independently determine, without deference to the trial court's conclusion, whether those facts satisfy the applicable legal standard." (Citation omitted). *Id.*

{¶ 7} Relying exclusively on his own suppression-hearing testimony, Hancock argues as follows on appeal:

In Jovan Hancock's case, Jovan had his mother's permission to spend the night at her home and he had, in fact, accepted her invitation to stay there as an overnight guest shortly before this incident. He had the right to admit people to the home and to prevent their entrance to it. Jovan kept some of his personal belongings, including clothing, mail, and his diploma at his mother's residence. He also assisted in caring for the family's dog, which lived inside the home. Jovan's mother's address appeared on his driver's license. He used her residence as his mailing address.

Jovan was looking forward toward his mother's return home after she had served a 4-year prison term. He and others had financed the remodeling of her home in preparation for her arrival. Jovan had been assisting his uncle and

others in remodeling his mother's house shortly before the time of his arrest.

These factors demonstrate that Jovan had a reasonable expectation of privacy with respect to his mother's residence. * * *

(Appellant's brief at pg. 4 with citations to Hancock's hearing testimony omitted).

{¶ 8} During a June 7, 2011 pre-trial conference, the trial court set forth its factual findings and rationale for concluding that Hancock lacked standing. Although the trial court did not address Hancock's hearing testimony line-by-line, its findings and reasoning demonstrate that it found his allegation of a privacy interest or expectation of privacy in his mother's home not credible. The trial court stated:

* * * The Court finds that by a preponderance of the evidence and taking into account the credibility of the witnesses as—and the reasonableness thereof, as follows. The Court finds that the house was uninhabitable. Whether it was due to remodeling having begun or otherwise, there was no water or electric in the premises and some evidence that remodeling was not being done.

Also, the Court finds that the defendant had no key to the premises though other siblings apparently did.

The Court finds that *the defendant frequented the premises, if at all, usually to check outside, to pick up mail, but not—but he did not go inside except when allowed inside by a family member*.

Though—the court finds that though the defendant maintained that his mother shared the privacy of her home with him, which assertion is questionable because he didn't have a key, the Court finds that such an argument might be made in any standing case in which a

defendant was not a trespasser.

Accordingly, under these facts, the Court finds that the defendant did not have a standing to pursue the motion to suppress evidence obtained from the premises and overrules the motion, not finding that any further hearing as to the motion, itself, would be required.

The Court does not take lightly the issue of a privacy entrance [sic]—interest in the premises of a close family member. However, *under these facts as found, it was clear to the Court that the defendant, defendant's mother, was not willing to share that privacy.*

(Emphasis added.) (Suppression decision Tr. at 5-6.)

**{¶ 9}** Suppression-hearing testimony supports the trial court's determination that Hancock had no privacy interest in his mother's home and lacked standing. Dayton Police Officer Patrick Bell testified that he spoke with Hancock's sister, Amanda Patterson, on the day of the search. According to Bell, Patterson told him Hancock "did not live there; not only did he not live there, he was not allowed there due to his behavior of selling drugs and upsetting his mother." (Suppression hearing Tr. 30). Bell also testified that Hancock's grandmother approached him and "said [Hancock] didn't live there and he's not even allowed to be in there." (*Id*. at 32). Finally, Bell testified that Patterson told him she was in charge of controlling access to the house and, in particular, making sure Hancock did not enter. (*Id*. at 33).[1]

---

[1] We note that a trial court may rely on hearsay testimony at a suppression hearing. *See, e.g., State v. Rhines*, 2d Dist. Montgomery No. 24203, 2011-Ohio-3615, ¶23-25.

{¶ 10} Officer Bell's testimony establishes that Hancock was not allowed inside his mother's home and that she did not share the privacy of her home with him. In light of Bell's testimony, which the trial court plainly credited, we conclude that Hancock had no objectively reasonable expectation of privacy in the home and, therefore, lacked standing to challenge the search.

{¶ 11} Hancock's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
R. Lynn Nothstine
Anthony S. VanNoy
Hon. Mary L. Wiseman