OPINION
{¶ 1} John W. Lampe is appealing the decision of the Kettering Municipal Court denying his motion to suppress the results of a breath test.
 {¶ 2} On November 22, 2003, at approximately 11:26 p.m., Moraine police officer Kenneth Lloyd observed Lampe traveling northbound on State Route 741 at a high rate of speed while weaving from side to side within the lane. Lampe was operating a 2001 Harley Davidson motorcycle and was traveling with his girlfriend, Vickey Jean Croley. Officer Lloyd stopped Lampe and approached him. He detected a strong odor of alcohol on Lampe's breath. Officer Lloyd noticed that Lampe's speech was slurred and that his eyes were glassy and bloodshot.
 {¶ 3} Lampe had difficulty performing various field sobriety tests, such as the one-leg stand, horizontal gaze, turn test, and the finger-to-the-nose test. Officer Lloyd placed Lampe under arrest for driving under the influence of alcohol and transported him to the Moraine police station. At the station, Lampe submitted to a breathalyzer test, resulting in a reading of 0.145 percent blood alcohol content.
 {¶ 4} Lampe was charged with violating R.C. 4511.21(D), driving in excess of the posted speed limit; R.C. 4511.19(A)(1), operating a motor vehicle under the influence of alcohol; and R.C. 4511.1(A)(3), operating a motor vehicle while having a breath alcohol level in excess of 0.10 percent.
 {¶ 5} On March 23, 2004, Lampe filed a motion to suppress the breathalyzer test results. Kettering Municipal Court Judge Thomas M. Hanna overruled the motion to suppress. Lampe pled no contest to the charge of operating a motor vehicle while under the influence of alcohol. Lampe was sentenced to ten days in jail and $500 in fines and costs. His sentence has been stayed pending this appeal.
 {¶ 6} Lampe now appeals the trial court's decision denying his motion to suppress, asserting one assignment of error:
 {¶ 7} "The trial court erred in overruling Appellant's motion to suppress the results of his breath alcohol test."
 {¶ 8} Preliminarily, we note that when ruling on a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20,437 N.E.2d 583. An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. State v. Retherford (1994),93 Ohio App.3d 586, 592, 639 N.E.2d 498. Relying on the trial court's findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995),100 Ohio App.3d 688, 691, 654 N.E.2d 1034. (Citation omitted.)
 {¶ 9} Lampe contends that the breathalyzer test was not valid because it was not conducted in accordance with the time limits of R.C. 4511.19(D)(1); the machine was not properly surveyed for radio frequency interference; the test operator did not ensure that the test was conducted free of any radio frequency interference; the machine was not properly calibrated and records were not properly maintained; the solution to calibrate the machine was not maintained in accordance with statutory mandates; and the officer failed to observe Lampe for the requisite twenty minute period prior to the test. The State maintains that the test was conducted in substantial compliance with the appropriate statutory sections, thus the trial court did not err in denying Lampe's motion to suppress. When the admissibility of a breath test is challenged in a motion to suppress, absent a showing of prejudice to a defendant, the State must show that it substantially complied with the regulations relating to such tests. See State v. Plummer (1986), 22 Ohio St.3d 292,490 N.E.2d 902, syllabus. As the twelfth district has noted, "the burden to establish substantial compliance only extends to the level with which the defendant takes issue with the legality of the test. State v. Johnson (2000), 137 Ohio App.3d 847, 852,739 N.E.2d 1249. Therefore, when a defendant's motion only raises issues in general terms, the state is only required to demonstrate compliance in general terms. Id. at 851,739 N.E.2d 1249. Specific evidence is not required unless the defendant raises a specific issue in his motion. Id." State v. Linz,
Clinton App. No. CA2003-06-016, 2004-Ohio-2297, ¶ 8.
 {¶ 10} The sole witness at the motion to suppress hearing was Officer Lloyd. The citation indicated that Officer Lloyd stopped Lampe at 11:26 p.m., and Officer Lloyd testified that he had administered the test to Lampe at 12:16 a.m., within the two hour time frame. Based upon this testimony, we overrule Lampe's assertion that there was a time limit violation.
 {¶ 11} Officer Lloyd addressed the radio frequency interference issue by noting that he checked to ensure that all radios in the machine's vicinity were turned off prior to running the test, and neither the machine nor the machine's print-out indicated the presence of any radio frequency interference. Officer Lloyd explained that the machine would immediately abort testing if any radio frequency interference was detected, and this was not the case. We thus find no error in the trial court's decision that Officer Lloyd complied with the procedure to detect radio frequency interference, and that such interference was not present at the time of testing.
 {¶ 12} Regarding Lampe's assertion that the breath alcohol machine was not properly calibrated, the only reference to the breath testing instrument's calibration Lampe made in his motion was that "[t]he machine or instrument analyzing Defendant's alcohol level was not in proper working order and not calibrated in accordance within the time and manner required by OAC 3701-53-04." This general allegation does not mention any specific shortcomings that the instrument had with regards to the requirements, it just cites the general "instrument check" section of the Ohio Administrative Code.
 {¶ 13} Evidence was submitted at the suppression hearing showing that the BAC instrument used to determine Lampe's breath alcohol concentration was tested by Officer Weidner every Sunday morning, in accordance with the weekly requirement as stated in Ohio Adm. Code 3701-53-07. Officer Lloyd, who stated that he was a senior operating officer of the machine, noted that he had waited the requisite twenty minutes before administering the test. Prior to running Lampe's test, Officer Lloyd administered an interval test and the results indicated that the machine was operating properly. Officer Lloyd also stated that he had to check the log book prior to running Lampe's test, and that according to the contents in the book, the results had indicated that the machine was in "good working order."
 {¶ 14} We find that Officer Lloyd's testimony was more than sufficient to establish the reliability of the testing procedure and the equipment. The State provided evidence of substantial general compliance with the testing requirements. Having done so, the burden of showing a specific lack of substantial compliance was on Lampe. Lampe, however, failed to present any evidence that Officer Lloyd did not substantially comply with the breath testing procedures. Consequently, we find no error in the trial court's decision to overrule Lampe's motion to suppress on this basis.
 {¶ 15} We find no merit in Lampe's assignment of error.
 {¶ 16} The judgment of the trial court is affirmed.
Fain, P.J. and Wolff, J., concur.