OPINION
{¶ 1} Defendant, Darryl Tucker, appeals from his convictions for possession of cocaine, R.C. 2925.11(A), and having weapons under a disability, R.C. 2923.13(A)(2), which were entered on his pleas of no contest after the common pleas court overruled Tucker's Crim. R. 12(C)(3) motion to suppress evidence.
ASSIGNMENT OF ERROR
 {¶ 2} "THE COURT ABUSED ITS DISCRETION BY ALLOWING TESTIMONY OF AN OUT OF COURT IDENTIFICATION THROUGH ANOTHER'S TESTIMONY."
 {¶ 3} Tucker was arrested by Dayton Police officers on February 28, 2005, after a drug dog alerted to Tucker's automobile, from which he had just emerged and which was parked in the lot at Defendant's apartment complex. A search of the vehicle incident to Tucker's arrest yielded the drugs and gun that formed the basis of the charges to which he later entered pleas of no contest.
 {¶ 4} During the hearings on a motion Tucker filed to suppress the evidence seized in the search of his automobile, Dayton Police Officer Jason A. Cromartie testified that he and other officers were on the premises to perform a "knock and advise" call at Tucker's apartment. Based on complaints by neighbors, arrests made during a prior surveillance, and a note that was passed to them anonymously that identified Tucker as a drug dealer, police suspected Tucker of drug violations.
 {¶ 5} On appeal, Tucker complains that the trial court abused its discretion when it permitted Officer Cromartie to testify concerning the anonymous note that identified Tucker as a drug dealer. Tucker relies on the decision of the United States Court of Appeals for the Sixth Circuit in United States v. Pugh and Tyree (May 5, 2003), Nos. 033-241/3243.
 {¶ 6} In that case, the appellate court found that the district court erred when, over the defendants' objections, it permitted an officer to testify at trial that another person had identified one of the co-defendants as a robber, evidence which was hearsay and therefore prohibited. Fed.R.Civ.P. 802. The court held that admission of that evidence therefore violated the defendants' right of confrontation guaranteed by the Sixth Amendment to the Constitution of the United States. Id.
 {¶ 7} The error Tucker assigns differs from the basis of the holding in Pugh and Tyree in two important respects. First, in that case the error occurred during the defendants' trial, to which their constitutional right of confrontation on which the circuit court based its decision concerning the inadmissibility of the hearsay evidence clearly applies. In the present case, the error assigned occurred instead during a hearing on a motion to suppress evidence.
 {¶ 8} "[T]he rules of evidence normally applicable in criminal trials do not operate with full force and effect in hearings before the judge to determine the admissibility of evidence." U.S. v. Matlock (1974),415 U.S. 164, 172-73, 94 S.Ct. 988, 39 L.Ed.2d 242. A Civ. R. 12(C)(3) motion to suppress evidence challenges its admissibility. Therefore, in ruling on the motion, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial. U.S. v.Raddatz (1980), 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424. Evid. R. 101(C)(1) creates an exception to the Rules of Evidence with respect to "[d]eterminations prerequisite to the admissibility of evidence when the issue is to be determined by the court under Evid. R. 104." That rule provides that questions concerning admissibility shall be determined by the court. Such determinations implicate the right of confrontation in only a limited way, if at all.
 {¶ 9} A second and even more significant difference between Pugh andTyree and the present case is that Tucker did not object to evidence the State offered through Officer Cromartie's testimony concerning the anonymous note. Therefore, any error in the trial court's admission of that evidence is waived, except for plain error. State v. Williams
(1977), 51 Ohio St.2d 112. Plain error does not exist unless it can be said that but for the error, the outcome of the trial or proceeding clearly would have been otherwise. State v. Long (1978), 53 Ohio St.2d 91.
 {¶ 10} A plain error analysis requires us to return to the purpose for which the evidence was offered, which was to show why officers were on the scene when they encountered and detained Defendant Tucker. Their decision to detain him was based on the fact that drug arrests had been made of persons coming from his apartment building, one of whom said he had purchased drugs from Tucker, complaints of other residents of the area indicating that Tucker was a drug dealer, as well as the anonymous note. That evidence was fully sufficient under the rule of Terry v. Ohio
(1968), 391 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889, to permit the officers to detain Tucker for investigation. It was while he was detained that the drug dog alerted to Tucker's automobile, resulting in his arrest and a search incident to it that produced the evidence which Tucker's motion sought to suppress.
 {¶ 11} While the anonymous note and its contents was one of a number of matters that led to Tucker's detention and his subsequent arrest, which in turn led to the search of his vehicle, it was offered by the State not to justify the search of his vehicle that the motion challenged but as a matter of background, explaining what preceded Tucker's arrest. We see no error in its admission for that purpose, much less any plain error.
 {¶ 12} The assignment of error is overruled. The judgment of the trial court will be Affirmed.
Brogan, P.J. and Wolff, J., concur.