OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Juana Conley, filed June 5, 2007. On June 16, 2006, Conley was stopped on westbound U.S. 35, in Beavercreek, Ohio, Greene County. He was issued a traffic ticket for operating a vehicle under the influence *Page 2 
of alcohol, in violation of R.C. 4511.19 (A)(1)(a) and (h), and a citation for speeding in excess of 55 m.p.h., in violation of R.C.4511.21(D)(1). A breathalyzer test was administered to Conley, and the results of the test indicated a concentration of 0.198 grams of alcohol per 210 liters of breath. On June 19, 2006, Conley pled not guilty, and he filed a Motion to Suppress. The Magistrate scheduled a hearing on Conley's Motion on November 14, 2006. At the hearing, counsel for Conley indicated to the Magistrate that the several issues raised in Conley's Motion had been narrowed solely to the allegedly improper calibration of the Breathalyzer. The State moved to strike the remaining portion of Conley's motion, and the Magistrate granted the State's motion. On November 17, 2006, Conley filed objections to the Magistrate's decision. On March 27, 2007, the municipal court affirmed the Magistrate's decision.
 {¶ 2} Conley asserts one assignment of error as follows:
 {¶ 3} "THE TRIAL COURT ERRED WHEN IT `STRUCK' APPELLANT'S SUPPRESSION MOTION FOR ITS SUPPOSED LACK OF SPECIFICITY."
 {¶ 4} Crim.R.47 provides:
 {¶ 5} "An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit."
 {¶ 6} "When the admissibility of a breath test is challenged in a motion to suppress, the first issue that must be considered is whether the motion was stated with sufficient particularity to put the prosecutor and the court on notice of the basis of the challenge. SeeState v. Shindler *Page 3 
(1994), 70 Ohio St.3d 54, 58 636 N.E.2d 319. * * * InSchindler, the Ohio Supreme Court found that a motion to suppress drafted in the same manner and language as a sample motion that appeared in Painter Looker, Ohio Driving Under the Influence Law (1999) 136-37, Section 11.16, satisfied the requirements of Crim.R. 47. Id. at 57. The * * * motion, for example, provided that `[t]he machine or instrument analyzing defendant's alcohol level was not in proper working order and not calibrated in accordance within the time and manner required by O.AC. 3701-53-04.' Id. at 55. According to the court, this type of motion sufficiently stated the legal and factual bases with the necessary particularity to put the prosecutor and the court on notice of the issues to be decided. Id. at 57-58. In line with Shindler, this court has held that `technical challenges to breath tests are sufficient even though no case-specific allegations are made.' State v.Williams (Apr. 24, 1998), Montgomery App. No. 16554, 1998 WL 214595, at *2. * * *
 {¶ 7} "Once it is established that the defendant has set forth a sufficient basis for a motion to suppress, the burden shifts to the State to show that it substantially complied with the ODH regulations involved. (Internal citation omitted). The burden to establish substantial compliance, however, only extends to the level with which the defendant takes issue with the legality of the test. (Internal citation omitted). When the defendant's motion to suppress merely raises a generalized claim of inadmissibility and identifies the section(s) of the Administrative Code implicated in that claim, the burden on the State is fairly slight. (Internal citations omitted). To satisfy its burden, we have found that the State `need only offer prima facie proof that each element of the approved method was performed in a manner sufficient to render the test result evidence reliable.' (Internal citation omitted). Thus, the State must demonstrate compliance only in general terms when the motion to suppress raises issues in general terms. *Page 4 
(Internal citation omitted). No specific evidence is required unless the defendant raises a specific issue in his or her motion." State v.Bissaillon, Greene App. No. 06-CA-130, 2007-Ohio-2349.
 {¶ 8} In Bissaillon, we reversed the municipal court's decision sustaining defendant's motion to suppress after defendant argued that the breath machine at issue was not properly calibrated in accordance with the Administrative Code because "`the alcohol based solution was not used within three (3) months of its first utilization as required by OAC 3701-53-04[(C)] * * * [and] the solution was not properly refrigerated." Id. We determined that the defendant's motion put the State on notice that the defendant intended to challenge the validity of the instrument check solution, and that "the burden on the State to show substantial compliance remained general. * * * Thus, when a motion to suppress fails to allege the fact-specific way in which a violation occurred, the State meets its burden by offering basic testimony from an officer responsible for complying with the ODH regulations." Id.
 {¶ 9} In Bissaillon, the State presented the testimony of the officer who arrested the defendant. The officer testified regarding his department's usual practice and procedure to discard the instrument check solutions at three months from the dates they are opened, and he testified that his department's policy is to calibrate the Breathalyzer BAC every six days, as opposed to every seven days under Ohio Adm. Code3701-53-04(A). Id. The officer stated that a log book is kept with each instrument, and that one can verify the last instrument check by referring to the log books. Id.
 {¶ 10} In reversing the municipal court's decision, we noted that the officer's testimony "contained no indication of personal observations of compliance with ODH regulations beyond *Page 5 
mere knowledge of routine practices. Although the State's burden in this instance is general and slight, a common factor in Ohio cases involving officer testimony has been first-hand knowledge of compliance with ODH regulations at the time of the alcohol and/or drug testing." Id.
 {¶ 11} In the instant motion, Conley moved the court to suppress, "* * * the results of the breath machine test herein for the reason that * * * a senior operator was not present at the time of the breath machine testing; improper calibration caused a defective result in this case; the internal R.F.I. was not properly verified; the breath machine was not operated within the regulations specified by the Department of Health."
 {¶ 12} In his memorandum in support of his motion, Conley argued, "the breath machine test herein was not given within the two (2) hour time requirement * * * .
 {¶ 13} "Further, it is the position of the Defendant that the breath sample was not collected by an operator who was qualified in accordance with OAC 3701-53-07. * * *
 {¶ 14} "Further, it is the position of the Defendant that the result of the breath machine should be suppressed for the reason that the Defendant was not continually observed for twenty (20) minutes prior to giving the test as mandated by law * * * .
 {¶ 15} "Further, it is questioned whether the breath machine was calibrated in accordance with OAC 3701-53-04. * * *
 {¶ 16} "The State failed to properly verify the internal R.F.I. detector pursuant to the Ohio Administrative Code.
 {¶ 17} "It is the position of the Defendant that the alcohol based solution was not used within three (3) months of its first utilization as required by OAC 3701-53-04(A)(1). Further, *Page 6 
the solution was not properly refrigerated by the OAC.
 {¶ 18} "In addition, it is the position of the Defendant that the results of the breath machine should be suppressed for the reason that the breath machine was not operated in the presence of a senior operator. * * *"
 {¶ 19} At the hearing on the motion, the following exchange occurred:
 {¶ 20} "THE COURT: Specifically as to the breath test, what would we be going forward on?
 {¶ 21} "MR. BARBATO: It's our position, your Honor, that the * * * Breathalyzer machine that was used in this case was not properly and timely calibrated at the time that Mr. Conley was asked to perform the breath test.
 {¶ 22} * * *
 {¶ 23} "MS. DEEDS: * * * At this time, the State would move for this Court to strike the B AC section of the Defendant's Motion to Suppress. Even still asked today to specify what sections are deficient, the only response is that it was not properly calibrated. In the Motion that was filed with the Entry of Appearance in June, there are no specifics with regard to the BAC. It only cites Code sections, but there are no factual specifics with regard to any alleged deficiencies."
 {¶ 24} The State then referred the Magistrate to the municipal court's decision in Bissaillon, which we reversed and remanded, as discussed above. Conley responded that his motion put the State on adequate notice of the issues he intended to raise, and then the following exchange occurred:
 {¶ 25} "THE COURT: Mr. Barbato, before coming here today for the hearing, are you *Page 7 
aware of you, or anyone from * * * your office, going to look at the documents to determine if there were issues?
 {¶ 26} "MR. BARBATO: I can state that I did not go, and I'm unaware if anyone else from our office went."
 {¶ 27} The Magistrate determined, "From reading defendant's Motion to Suppress, one cannot determine how the tests were administered to defendant and precisely how the regulations may not have been followed. The Motion fails to make a specific connection between the regulation cited and any alleged deficiencies in the test as performed by defendant. The motion must have some factual basis and contain more than mere allegations. Furthermore, upon questioning by the Magistrate, the defense attorney admitted that he had not examined any records prior to the date of the hearing to determine if any actual issue existed and was not aware of anyone from his firm having done that either." The Magistrate then granted the State's motion to strike.
 {¶ 28} In affirming the Magistrate's decision, the municipal court determined, "defendant's counsel readily concedes that no one on defendant's behalf looked at any documents to determine if this was even an issue. Calibration data can easily be obtained and reviewed by counsel at the site of the test. These documents are freely available prior to filing a motion to determine if there is any factual basis for a claim of irregularities. This was not done."
 {¶ 29} We reviewed similar facts and circumstances in State v.Williams, and wrote:
 {¶ 30} "Defendant-Appellant Williams argues that, sinceShindler, motions to suppress the results of blood, breath, or urine-alcohol tests may employ language that is `shotgun' or *Page 8 
`boilerplate.' Sadly, for prosecutors and municipal courts, we must agree. The sole requirement that Shindler imposes is a particularity requirement. Therefore, the motion does not require knowledge or belief on the part of the movant of any particular defect or error in the test procedure. The movant is required only to identify the section or sections of the Administrative Code that are implicated in his challenge to admissibility of the evidence, along with some generalized claim of why the evidence is inadmissible. However, the burden that the motion imposes on the State is fairly slight, because it is then required only to lay a foundation for the admissibility of the test evidence.State v. French, supra.[1] To satisfy that burden, the prosecutor need only offer prima facie proof that each element of the approved method was performed in a manner sufficient to render the test result evidence reliable. The `substantial compliance' standard governs in most instances.
 {¶ 31} "We are not unsympathetic to the burden that these requirements put on busy trial courts, which are required to hear motions that are made absent any demonstrated defect. However, the unique character and conclusive effect of blood, breath, or urine test evidence in proving `per se' violations of R.C. 4511.19(A) and (B) reasonably requires it. The procedure is more economically done prior to trial, not only because it consumes less time but also because it almost always results in a guilty or no contest plea when the evidence is ruled admissible. Further, the procedure is likely to insure that testing devices are, in fact, kept in good operating order." Id., at pp. 7-8.
 {¶ 32} Our decision in Williams mandates a reversal of the trial court's decision which denied appellant an evidentiary hearing on the two remaining branches of his motion. The *Page 9 
remaining two branches having sufficiently raised an issue involving the applicable regulations, the State must show substantial compliance with the regulations at issue. Conley's assignment of error is sustained.
 {¶ 33} Judgment reversed and remanded for a hearing on the remaining two branches of the motion to suppress only.
FAIN, J. and GRADY, J., concur.
[1] State v. French, 72 Ohio St.3d 446, 1995-Ohio-32. *Page 1