[Cite as *State v. McCray*, 2015-Ohio-3049.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26519 |
| | : | |
| v. | : | T.C. NO. 2014 CR 1229/1 |
| | : | |
| STACEY McCRAY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___31st___ day of ____July____, 2015.

. . . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DAVID E. STENSON, Atty. Reg. No. 0042671, Talbott Tower, Suite 316, 131 N. Ludlow Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

STACEY McCRAY, 4434 Linchmere Drive, Dayton, Ohio 45415
        Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} After the trial court overruled her motion to suppress evidence, Stacey McCray pled no contest in the Montgomery County Court of Common Pleas to

possession of cocaine in an amount less than five grams. The trial court sentenced her to community control for a period not to exceed five years. The court imposed financial obligations, including an obligation to pay court costs, and suspended her driver's license for six months. McCray appeals from her conviction.

{¶ 2} McCray's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he believed "this appeal would be a frivolous appeal as outlined in *Anders*." Counsel raised two potential assignments of error, namely that the trial court erred in considering hearsay testimony at the suppression hearing and that the trial court erred in finding McCray guilty when the State "failed to meet its burden of proving the Appellant had committed a crime." By entry, we informed McCray that her attorney had filed an *Anders* brief on her behalf and granted her 60 days from that date to file a pro se brief. No pro se brief has been filed.

{¶ 3} We have conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we agree with appellate counsel that there are no potentially meritorious issues for review.

### I. Motion to Suppress

{¶ 4} On June 11, 2014, McCray and a co-defendant, Antonio Boyd, were indicted for possession of cocaine in an amount less than five grams, in violation of R.C. 2925.11(A). On July 9, 2014, McCray moved to suppress the evidence seized from her automobile, arguing that she was unlawfully stopped and detained, that she was unlawfully patted down, and that she was arrested without probable cause. She further argued that her statements to the police were not voluntary and were made in violation of *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

{¶ 5} A hearing was held on August 19, 2014, during which two Trotwood police officers, Michael Richardson and Brent Rasor, testified. Their testimony established the following facts.

{¶ 6} At 10:54 a.m. on November 30, 2013, Officer Richardson was dispatched to 1777 Shiloh Springs Road in Trotwood on a report of possible drug activity involving a male with a gun. The call log (State's Exhibit 1), which Richardson stated was a written transcript of the information relayed by the dispatcher to the officers, indicated that the dispatch involved a report of a male "with a gun banging on the door at 1777 Shiloh Springs." The dispatch further indicated that the male was with a female, who had driven a car to that location. The call log indicated the races of the man and the woman; both Richardson and Rasor testified that they believed the dispatcher had stated a different race for the male at the door.

{¶ 7} Richardson had no information about the individual who had reported the possible drug activity to the police. Richardson testified that the Shiloh Springs address was associated with several prior dispatches, including assaults and two drug overdoses.

{¶ 8} Officer Richardson arrived at the address approximately two minutes after the dispatch. Sergeant Rasor, who was also dispatched, arrived around the same time, but pulled into the parking lot after Richardson. Another officer, Officer Derrick, had already arrived.

{¶ 9} Officer Richardson testified that, when he arrived at the scene, he observed a man and a woman on the doorsteps of 1777 Shiloh Springs. A black Toyota with a man in the passenger seat was parked, running, directly in front of the building. Richardson ran the license plate of the vehicle and learned that it was registered to

Stacey McCray. A description of McCray was included; the description matched the woman Richardson saw in front of 1777 Shiloh Springs.

{¶ 10} Richardson approached the woman for the purpose of "get[ting] her information and explain[ing] to her why we were called there." Richardson stated that she identified herself as McCray. Richardson testified that McCray was not under arrest, but she was not free to leave, because he was investigating possible drug activity.

{¶ 11} On cross-examination, Officer Richardson indicated that Officer Derrick was talking to McCray near the front of her car when he (Richardson) arrived. After Richardson began talking with McCray, Officer Derrick focused on McCray's male companion.

{¶ 12} As Officer Richardson was speaking with McCray, Sgt. Rasor approached and asked McCray for consent to search her vehicle. Richardson indicated that Rasor asked her three times. McCray did not respond to the first two requests, but said "no" to the third request. Immediately after McCray said "no," Sgt. Rasor had the male passenger get out of McCray's vehicle, Rasor got his K-9 partner, Atos, and Rasor walked the dog around McCray's car. The dog alerted on the front passenger door of the vehicle.

{¶ 13} Officer Richardson and Sgt. Rasor searched the vehicle. When Richardson opened the driver's door, he immediately saw two clear capsules with white powder in the driver's armrest. Sgt. Rasor located a plastic bag of suspected marijuana, cocaine, and heroin between the front passenger seat and the right side of the front console. After finding the capsules, Richardson patted down McCray for weapons and placed her in his cruiser. Nothing was found as a result of the pat down.

**{¶ 14}** Once McCray was in the cruiser, Officer Richardson informed McCray of her *Miranda* rights, reading them from a card provided by the Montgomery County Prosecutor's Office. McCray indicated that she understood her rights, and she agreed to talk to the officer. There was no evidence regarding whether McCray made incriminating statements.

**{¶ 15}** As a potential assignment of error, appellate counsel raised whether the trial court erred in admitting hearsay evidence, State's Exhibit 1. We agree with appellate counsel that this a frivolous issue. As we stated in *State v. Ginn*, 2d Dist. Montgomery No. 25325, 2013-Ohio-1692:

> "[T]he rules of evidence normally applicable in criminal trials do not operate with full force and effect in hearings before the judge to determine the admissibility of evidence." *U.S. v. Matlock*, 415 U.S. 164, 172-73, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). A Crim.R. 12(C)(3) motion to suppress evidence challenges its admissibility. Therefore, in ruling on the motion, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial. *U.S. v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Evid.R. 101(C)(1) creates an exception to the Rules of Evidence with respect to "[d]eterminations prerequisite to the admissibility of evidence when the issue is to be determined by the court under Evid.R. 104." That rule provides that questions concerning admissibility shall be determined by the court. Such determinations implicate the right of confrontation in only a limited way, if at all. *State v. Tucker*, 2d Dist. Montgomery No. 20956, 2005-Ohio-5227.

*Ginn* at ¶ 25.

**{¶ 16}**  In addition, upon review of the suppression hearing transcript, we find no arguable issue that the trial court erred in overruling the motion to suppress.  Within minutes of the dispatch involving drugs and a weapon, several police officers arrived at 1777 Shiloh Springs Road, a residence known for drug activity, and located a man and a woman and a vehicle owned by the woman in front of the residence.  A canine officer trained in drug detection was among the officers who arrived.  Shortly after his arrival, Sgt. Rasor walked his police dog around McCray's vehicle, and the dog alerted to drugs in the vehicle.

**{¶ 17}**  Significantly, a police officer need not have a reasonable suspicion that a vehicle contains contraband prior to summoning a canine drug unit.  *State v. Matthews*, 2d Dist. Miami No. 2014-CA-23, 2015-Ohio-1750, ¶ 10; *State v. Thomas*, 2d Dist. Montgomery No. 22833, 2009-Ohio-3520, ¶ 15.  Furthermore, the use of a trained narcotics dog to sniff an automobile does not constitute a "search" under the Fourth Amendment.  *Thomas* at ¶ 15, citing *State v. Pryor*, 2d Dist. Montgomery No. 20800, 2005-Ohio-2770, ¶ 13; *Illinois v. Caballes*, 543 U.S. 405, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005).  Reasonable suspicion that a vehicle contains drugs is not required prior to conducting a canine sniff of the vehicle during a traffic stop so long as the duration of the traffic stop is not extended beyond what is reasonably necessary to resolve the issue that led to the stop and issue a traffic citation.  *State v. Johnson*, 2d Dist. Montgomery No. 20624, 2005-Ohio-1367, ¶ 19.  If a trained canine alerts to the odor of drugs from a lawfully stopped and detained vehicle, an officer has probable cause to search the vehicle for contraband.  *State v. Heard*, 2d Dist. Montgomery No. 19323, 2003-Ohio-1047, ¶ 17.

{¶ 18} Under the totality of the circumstances, based on the record of the suppression hearing, we find no non-frivolous claim that the trial court erred in denying the motion to suppress.

## II. Plea

{¶ 19} Six days after the trial court overruled her motion to suppress, McCray entered a no contest plea to possession of cocaine. In accepting her plea, the trial court stated, "I will accept your plea of no contest. I will find that you are guilty and I'm going to base that upon the indictment and I'm also basing it upon the evidence that I found in the motion to suppress that was introduced at the motion to suppress [hearing]. As a result of that evidence, I will find that you are guilty * * *."

{¶ 20} Appellate counsel raises that the State "failed to meet its burden of proving the Appellant had committed a crime." In essence, counsel raises a manifest weight argument. We find this argument to be frivolous.

> A conviction following a no-contest plea does not derive from evidence adduced at a trial, but from the no-contest plea, itself, which is "an admission of truth of the facts alleged in the indictment[.]" Crim.R. 11(B)(2). Therefore, a conviction based upon a no-contest plea is not amenable to review on appeal to see whether it is against the manifest weight of the evidence. *State v. McGhee* (January 18, 1995), Montgomery App. No. 14515.

*State v. Hall*, 2d Dist. Montgomery No. 23488, 2009-Ohio-6390, ¶ 27.

{¶ 21} The trial court based its finding of guilt, in part, on McCray's admission of the truth of the facts alleged in the indictment. This admission, alone, provided a

sufficient basis for the court's finding of guilt. The fact that the court also relied in part on the evidence from the suppression hearing did not create a burden on the State to establish that McCray had committed the offense; to the contrary, the trial court merely expressed that the evidence from the suppression hearing buttressed McCray's admission of the truth of the allegations in the indictment.

### III. Conclusion

{¶ 22} In accordance with our obligation under *Penson*, we have reviewed the entire record, including the court's docket and the complete transcripts of the suppression hearing, the plea hearing, and the sentencing hearing. Based on the record, we find this appeal is frivolous.

{¶ 23} The trial court's judgment will be affirmed. We note that the trial court's final judgment entry states that McCray pled guilty, instead of no contest, to possession of cocaine. The matter will be remanded to correct this typographical error in the final judgment entry.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Carley J. Ingram
David E. Stenson
Stacey McCray
Hon. Richard Skelton